DLD-137                                                       **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 26-1592

_____

IN RE: BISHOP ROXAEN-CORPUS-CHRISTI
Petitioner

_____

On a Petition for Writ of Mandamus to the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 4:26-cv-00275)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 21, 2026
Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed May 27, 2026)

_____

OPINION[*]

_____

PER CURIAM

Petitioner bishop roxaen-corpus-christi,[1] proceeding pro se, has filed a petition for

a writ of mandamus. For the reasons below, we will deny the mandamus petition.

Petitioner instituted this action in the District Court by filing a "Sovereign Petition

and Injunction" asserting claims against dozens of named defendants, including President

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Petitioner uses no capital letters in her name.

Donald Trump, Pope Leo XIV, and "all inhabitants in the realm of time, space, and dimension." Among other contentions, the petition contests the investigation of Petitioner and her co-plaintiff by Colorado Children and Youth Services.

Petitioner filed a motion to proceed in forma pauperis ("IFP") along with her petition, but the Magistrate Judge denied the motion, noting that Petitioner's motion included language that was nonsensical, that Petitioner failed to fill out the proper application to proceed IFP, and that Petitioner failed to pay the required fee.

Petitioner thereafter filed an emergency mandamus petition to this Court, urging this Court to prompt the District Court to rule on her IFP application and arguing that the order denying it constitutes unreasonable delay. Petitioner also claims that the District Court delayed ruling on her request for an emergency injunction. Finally, Petitioner argues generally regarding the contents of the Magistrate Judge's order.

After Petitioner filed her mandamus petition, the District Court dismissed the action without prejudice to Petitioner's reopening the case by filing a proper IFP form or paying the fees.

Petitioner is not entitled to mandamus relief. To the extent Petitioner alleges that the District Court has failed to rule on her filings, the Magistrate Judge has denied her IFP application and the District Court has dismissed her action, so there is no effective relief we can grant as to those allegations. *See generally* *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot"). To the extent petitioner challenges any

2

aspects of those rulings, she can raise those arguments via direct appeal, so mandamus is not available. *See In re Kensington Int'l Ltd.*, 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").

Accordingly, we will deny the petition for a writ of mandamus.